Sambahamphe v. Garland

BIA
Leeds, IJ
A206 475 801

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of September, two thousand twenty-two.

PRESENT:
        JOSÉ A. CABRANES,
        DENNY CHIN,
        JOSEPH F. BIANCO,
            *Circuit Judges.*

_____

LALIT SAMBAHAMPHE,
        *Petitioner*,

      **v.**                    **20-3666**
                                          **NAC**

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONER:        Stuart Altman, Esq., New York, NY.

FOR RESPONDENT:        Brian Boynton, Acting Assistant Attorney General; Zoe J. Heller, Senior Litigation Counsel; Karen

L. Melnik, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Lalit Sambahamphe, a native and citizen of Nepal, seeks review of an October 2, 2020, decision of the BIA affirming a May 16, 2018, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lalit Sambahamphe,* No. A 206 475 801 (B.I.A. Oct. 2, 2020), *aff'g* No. A 206 475 801 (Immig. Ct. N.Y. City May 16, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review factual findings for substantial evidence and questions of law de novo. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are

2

conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Sambahamphe, who supports the Nepali Congress Party, asserted a fear of persecution because Maoists threatened him after he refused to join them in 2000 or 2001. Because Sambahamphe did not allege past persecution, he had the burden to show a well-founded fear of future persecution. 8 C.F.R. § 1208.13(a), (b)(1), (b)(2)(iii). An asylum applicant "does not have a well-founded fear of persecution if [he] could avoid persecution by relocating to another part of [his] country of nationality . . . if under all the circumstances it would be reasonable to expect [him] to do so." *Id.* § 1208.13(b)(2)(ii).[1] In determining whether relocation is reasonable, the IJ "should consider, but [is] not limited to considering, whether the applicant would face other serious harm in the place of suggested relocation; any ongoing civil strife within the country; administrative, economic, or judicial infrastructure; geographical limitations; and social

---

[1] Citations are to the version of the regulations in effect at the time of the agency's decisions.

3

and cultural constraints, such as age, gender, health, and social and familial ties." *Id.* § 1208.13(b)(3).

The agency reasonably concluded that Sambahamphe did not have a well-founded fear of future persecution because he had lived unharmed in Kathmandu for years after he was threatened by Maoists in his home village. He left his village for Kathmandu in 2001 after Maoists twice came to his home in and threatened to kill him. He received no threats in Kathmandu and had no interactions with Maoists while he lived there from 2001 to 2008 and again from 2011 until he left for the United States.[2] Although his parents told him that Maoists continued to look for him in their village and his wife was attacked in that village in 2017, the Maoists did not threaten him in Kathmandu and his wife had no further issues after she relocated to Kathmandu. Moreover, the 2017 State Department Country Report on Human Rights Practices for Nepal reflects that the Maoists are part of the government and that there have been prosecutions and return of property following the

---

[2] Sambahamphe argues that the IJ erred in finding he did not receive threats, but it is clear from the context of the IJ's discussion that the IJ recognized the threats in 2000 or 2001 and otherwise was referring to the period that Sambahamphe lived in Kathmandu.

2006 peace accord. Although the report also reflects that a breakaway Maoist faction engaged in some violence and intimidation during a 2013 election, such isolated incidents by non-governmental actors does not outweigh the evidence that Sambahamphe can—and did—safely relocate. *See Singh v. Garland*, 11 F.4th 106, 115-17 (2d Cir. 2021) (holding that allegation of persecution by members of a political party, even one in power, is not an allegation of persecution by the government, that applicant must show that someone in his "particular circumstances would be unable to relocate to avoid persecution" (quotation marks omitted))). Sambahamphe's ability to relocate is dispositive of asylum, withholding of removal, and CAT protection. *Lecaj v. Holder*, 616 F.3d 111, 119-20 (2d Cir. 2010) (holding that applicant who fails to demonstrate the chance of persecution required for asylum "necessarily fails to demonstrate the clear probability of future persecution required for withholding of removal, and the more likely than not to be tortured standard required for CAT relief" (quotation marks and citations omitted)).

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court